Filed 5/29/13  P. v. Brown CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY VARELL BROWN,<br><br>    Defendant and Appellant. | B243939<br><br>(Los Angeles County<br>Super. Ct. No. LA070230) |

THE COURT:*

        Defendant and appellant Timothy Varell Brown (defendant) appeals his judgment of conviction of possession of narcotics and carrying a concealed weapon.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On March 8, 2013, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed and defendant has submitted no letter or brief.  We have reviewed the entire record, and finding no error or other arguable issues, we affirm the judgment.

---

*        BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

In an information filed after a preliminary hearing in which defendant's motion to suppress evidence pursuant to Penal Code section 1538.5 was heard and denied, defendant was charged in count 1 with possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a). In counts 2 and 3 respectively, defendant was charged with two misdemeanors: carrying a concealed firearm in violation of Penal Code section 25400, subdivision (a)(2); and resisting a peace officer in violation of Penal Code section 148, subdivision (a)(1).

At the preliminary hearing, arresting Officer Ryan Smith testified that while on patrol with his partner Officer Bircham, they received a radio call with the description of four African-American men suspected of selling narcotics. The officers went to the indicated location, a high-crime area where numerous complaints of narcotics activity had been made, and there saw four men matching the radioed descriptions. One of the men was defendant; Officer Smith recognized two of the others as narcotics suspects he had encountered the preceding week.

Defendant looked surprised when he saw the officers, refused Officer Smith's request to turn toward them, and began to walk away. Defendant disobeyed several commands to stop and place his hands behind his back, and then nervously patted his waist, a gesture that Officer Smith recognized as one commonly made by suspects to check or conceal narcotics. Defendant stopped and began to put his hands behind him, but then moved his right hand forward, causing the officer to fear that defendant either had a weapon or intended to destroy evidence. Officer Smith quickly placed defendant in a prone position on the ground, and with the help of Officer Bircham, handcuffed defendant and patted him down. Officer Smith found cocaine in defendant's pocket and a loaded handgun in his waistband.

The magistrate denied the motion to suppress, which defendant renewed in the trial court.[1] After the trial court denied the motion, defendant entered into an agreement

---

[1]    Defendant based his motion on the preliminary hearing transcript. The trial court heard additional evidence in chambers: a CD recording of two 911 calls that precipitated the radio call to Officers Smith and Bircham. The magistrate had excluded the recording

under which he pled guilty to count 1 and no contest to count 2; in return, count 3 was dismissed. The trial court deferred entry of judgment as to count 1, suspended sentence as to count 2, and placed defendant on probation under specified terms and conditions. Defendant filed a timely notice of appeal.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

---

after hearing defense counsel's offer of proof. Although the trial court did not expressly exclude the CD, it did not admit it into evidence.